IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAUL SNIDER, on behalf of himself
and others similarly situated,

        Plaintiffs,

v.              CIVIL ACTION NO. 2:17-cv-04388

SURNAIK HOLDINGS OF WV, LLC,
a West Virginia limited liability company,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand and For Costs, Fees, and Expenses. (ECF No. 5.) For the reasons discussed below, the Court **GRANTS** the motion to remand, **DENIES** the motion for costs, fees, and expenses, and **REMANDS** this case to the Circuit Court of Wood County, West Virginia.

*I. BACKGROUND*

This case arises out of a warehouse fire in Parkersburg, West Virginia. (ECF No. 1-2 at 4.) Plaintiff is an individual who seeks certification of a single putative class of all residents and businesses within an 8.5 mile radius of the warehouse. (*Id.* ¶ 37.) Defendant is a West Virginia Limited Liability Company. (ECF No. 1-2 at 5 ¶ 3). The Complaint filed in state court and attached to Defendant's Notice of Removal alleges that on Saturday, October 21, 2017, a warehouse, owned by Defendant, caught fire. (ECF No. 1-2 at 4–5.) The Complaint alleges that

the proposed class incurred personal injury and property damages arising from the toxic "smoke from the fire and smoldering ruins of the warehouse which continued to be a nuisance and health hazard to residents and workers in the vicinity of the fire for days." (*Id.* at 4.) Plaintiff asserts (1) negligence; (2) "reckless, willful, and wanton indifference motivated by financial gain"; (3) nuisance; and (4) trespass, (*Id*. ¶¶ 15–35), and request relief in the forms of punitive damages, "damages . . . for the particular harms and injuries . . . suffered as a result of defendants' [sic] conduct and their unreasonable interference with the plaintiffs' use and enjoyment of their property," court costs, and any other legal relief that may be just and equitable, (*Id.* at 13).

Plaintiff filed his Complaint in the Circuit Court of Wood County, West Virginia, on October 30, 2017. (*See* ECF No. 1-2.) Defendant removed the case to this Court on November 20, 2017. (ECF No. 1.) In the Notice of Removal, Defendant asserts this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"). (*See id.* at 2.) Plaintiff filed the current Motion on December 14, 2017. (ECF No. 5.) Defendant filed its response to the motion, as allowed by the Court, on January 8, 2018, (ECF No. 13), and Plaintiff replied on January 15, 2018, (ECF No. 14). The motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441.  This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

### III.  DISCUSSION

The main dispute between the parties as to this motion is whether the home-state exception under the Class Action Fairness Act applies.[1]  (*See* ECF No. 6 at 1; ECF No. 13 at 1–2.)  Both parties agree that federal jurisdiction over this matter exists under the CAFA.  (*See id.*)  However, the parties dispute whether the home-state exception applies and who bears the burden of persuasion.  (*See* ECF No. 6 at 2–3; ECF No. 13 at 2–4.)  Plaintiff maintains that the burden is irrelevant to the Court's decision but does not concede that they have the burden, while Defendant argues that Plaintiff bears the burden of proving that the home-state exception applies.  (*See id.*)

---

[1] The parties loosely refer to the "local controversy exception" as the disputed exception to this motion, however Plaintiff's motion expressly seeks to invoke subsection (B) of Section 1332(d)(4) which is more appropriately regarded as the home-state exception and as such will be the term used by this Court.

3

The home-state exception provides that a district court shall decline to exercise jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). It is uncontested that Defendant is a citizen of West Virginia, (*See* ECF No. 6 at 5–6; ECF No. 13), and being the only defendant, Defendant is the primary defendant. As a result, the sole remaining issue with respect to the application of the home-state exception is whether greater than two-thirds of the members of the proposed class are citizens of West Virginia.

To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Domicile requires physical presence, coupled with an intent to make the State a home. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). However, [p]hysical presence coupled with residency is prima facie proof of citizenship. *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. Of N.Y.*, 822 F.3d 739, 750 n.6 (4th Cir. 2016).

To establish that the home-state exception applies, Plaintiff provides an affidavit and letter-report analyzing the distribution of residents within the 8.5 mile radius of the warehouse, which is the proposed class for this case. (ECF No. 5-1.) The report shows that based on 2010 census data, 88% of the residents reside in West Virginia and only 12% reside in Ohio. (*Id*. at 7.) The 88% of residents within the proposed class is clearly above the two-thirds required by the statute, yet Defendant is right that this letter-report only considers residency while the law looks at

citizenship.  (*See* ECF No. 13 at 5.)  Defendant further suggests that the letter-report is unreliable because it looks at data from 2010 and "includes countless individuals who are not part of the proposed class."  (*See id*. at 6.)  While that may be correct in theory, Defendant's argument are lengthy reaches.  Defendant fails to cast enough doubt on the affidavit provided by Plaintiff to persuade this Court that less than two-thirds of the proposed class hold West Virginia citizenship, even when considering Defendant's objections.  Defendant merely provides speculation as to why Plaintiff may be incorrect, but fails to offer any substantial evidence that population changes have occurred drastically enough to reduce the percentage of West Virginia citizens to below two-thirds of the proposed class.  (*See id*. at 5–8.)  Furthermore, the Fourth Circuit recently opined that a conclusion based on similar facts was not in error.  *Zoroastrian Ctr.*, 822 F.3d at 750 n.6 (4th Cir. 2016) (finding that a district court did not err when finding that the citizenship requirement was met even over objections to an affidavit that considered residency as opposed to citizenship when the party objecting failed to cast doubt upon the evidence).  Therefore, the Court finds that Plaintiff has presented sufficient evidence to establish the citizenship of the residents of the proposed class exceeds the two-thirds requirement of the home-state exception by a preponderance of the evidence.  Upon this basis, the Court must decline jurisdiction over the matter as more than two-thirds of the proposed class are citizens of West Virginia and the primary defendant is a citizen of West Virginia.

       The Court declines to find which party bears the burden of persuasion as the facts of this case clearly fall under the statutory requirements of the CAFA's home-state exception.  However, the Court finds that fees are not appropriate in this case as Defendant met the CAFA's general requirement and had an objectively reasonable basis for removal to this Court.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that the home-state exception applies and this Court must decline to exercise jurisdiction.  Furthermore, the Court does not find that Defendant lacked an objectively reasonable basis for removal.  Therefore, the motion to remand is **GRANTED**, the motion for costs, fees, and expenses is **DENIED**, and this matter is hereby **REMANDED** to the Circuit Court of Wood County, West Virginia.  The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   June 18, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE